### Tobe A. Long v. The State.

1. Information — Driving Cattle from the County, etc. — An information charging the accused with unlawfully driving cattle out of the county, etc., must negative, by affirmative allegations, that the cattle driven were the property of the defendant.

2. Same. — The allegation that accused wilfully and fraudulently drove the cattle, without the written authority of the owner, may create a strong inference of the fact, but is not tantamount to an allegation that the cattle driven were not the property of the accused.

Appeal from the County Court of Medina. Tried below before the Hon. J. Paul, County Judge.

For statement of facts, see the case of *Long* v. *The State,* which immediately follows this case.

*J. M. Eckford*, *J. D. Morrison*, and *N. P. Jackson*, for the appellant, citing *Covington* v. *The State, ante,* p. 512.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J.    The information in this case is fatally defective, under the rulings in *Covington* v. *The State,* decided at the present term of this court, in that it does not negative, by affirmative allegations, the fact that the cattle driven belonged to, and were the property of, defendant. Whilst an allegation that defendant wilfully and fraudulently drove the cattle, without the written authority of the owner, might create a strong inference or deduction of the facts, yet it is not tantamount to an allegation that the property was not the property of the party driving.    Acts 15th Leg. 303, sect. 38.

The judgment of the court below is reversed, and, because the information is fatally defective, the prosecution is dismissed.

*Reversed and dismissed.*